**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------x
**HAROLD BRIDGES,**                                    :
                                                       :
            **Petitioner/Defendant,**                  :            **09 CV 5753 (HB)**
                                                       :            **04 CV 2715 (HB)**
            **- against -**                            :            **00 CR 210 (HB)**
                                                       :
**UNITED STATES OF AMERICA,**                          :
                                                       :            **OPINION & ORDER**
            **Respondent/Plaintiff.**                  :
-------------------------------------------------------x

**Hon. HAROLD BAER, JR., District Judge:**

<u>Background</u>

On May 11, 2001, Harold Bridges ("Bridges") was sentenced by this Court to a term of

life imprisonment for conspiracy to distribute, and possession with intent to distribute, "one

kilogram and more of a mixture and substance containing a detectable amount of phencyclidine

("PCP"), in violation of 21 U.S.C. §§ 812, 841(a), and 841(b)(1)(A)." *See United States v.*

*Bridges*, 00 Cr. 210 (HB) (Docket No. 41) (Filed Judgment).  On February 22, 2011, Bridges

submitted via letter a Motion for Resentencing, which focused on Amendment 484 to the

Sentencing Guidelines and its clarification of what constitutes a "mixture" under § 841.  The

substance recovered from Bridges contained a mixture of PCP and ether.  Bridges argues that the

ether should not be included in determining the weight of the mixture for which he was

convicted pursuant to Amendment 484, and requests this Court reduce his sentence.  The

government did not respond to the motion.  Nevertheless, the statutory language and

congressional intent indicate that Bridges is not entitled to relief.

<u>Discussion</u>

Bridges submitted his Motion for Resentencing pursuant to 18 U.S.C. 3582(c)(2), which

grants this Court the power to reduce the term of imprisonment in the case of a defendant who

has been sentenced based on a sentencing range that has subsequently been lowered.  Bridges

was sentenced in accordance with 21 U.S.C § 841(b)(1)(A)(iv), which imposes a sentence of <u>ten</u>

<u>years to life</u> for possession of "100 grams or more of phencyclidine (PCP) or 1 kilogram or more

of a mixture or substance containing a detectable amount of phencyclidine (PCP)."  Under 21

U.S.C.A § 841(b)(1)(B)(iv), a defendant is sentenced of <u>five to forty years</u> for possession of "10 grams or more of phencyclidine (PCP) or 100 grams or more of a mixture or substance containing a detectable amount of phencyclidine (PCP)."

For sentencing purposes, the United States Sentencing Guidelines provide that "the weight of a controlled substance set forth in the [drug quantity] table refers to the entire weight of any mixture or substance containing a detectable amount of the controlled substance." U.S. Sentencing Guidelines Manual § 2D1.1(c) n. *(A) (2010).  On November 1, 1993, the Sentencing Commission approved Amendment 484 to the Guidelines, which clarifies: "Mixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used."  *Id.* § 2D1.1(c) cmt. n. 1.  According to the amendment, "[e]xamples of such materials include the fiberglass in a cocaine/fiberglass bonded suitcase, beeswax in a cocaine/beeswax statue, and waste water from an illicit laboratory used to manufacture a controlled substance." *Id.* app. C, amend. 484. This subsequent modification may be applied retroactively.  *Id.* § 1B1.10(a) & (c).

The issue before the Court is whether ether in a PCP-ether solution is included in determining the weight of a controlled substance for sentencing purposes under Amendment 484's definition of "mixture or substance."  Bridges argues that pursuant to Amendment 484's definition of a "mixture or substance," the ether in the PCP-ether solution should not be included as part of the weight of the substance for sentencing purposes.  Rather, he argues that there should have been a laboratory test to determine the amount of actual PCP in the mixture. Bridges argues that had the weight of ether been excluded from the PCP mixture, he may have only been sentenced under a guideline range of  five to forty years under 21 U.S.C.A § 841(b)(1)(B).  He requests the Court reduce his sentence based on the lack of findings regarding the total quantity of PCP in the mixture.

As a threshold matter, even if the court had ordered a laboratory test, Bridges has no evidence, and admits he is not even sure, that the net weight of the PCP mixture would have been small enough to trigger the lower sentencing range.

Notwithstanding, Amendment 484 requires that the ether be included when determining the weight of the PCP mixture.  The Second Circuit has not yet addressed this issue directly, but courts have spoken to mixtures pertaining to LSD and cocaine.  The Second Circuit held that the total weight of the LSD *and* the blotter paper, its carrier medium, are to be considered when

determining the minimum sentence under § 841(b)(1)(A).  *See United States v. Kinder*, 64 F.3d 757, 759 (2d Cir. 1995).  As recently as 2009, this Court held that "it is the weight of the *mixture or substance* containing a detectable amount of cocaine base that is relevant in determining the proper base offense level under Section 2D1.1(c) of the Sentencing Guidelines, rather than the weight of the cocaine base itself within that mixture or substance." *Aquino v. United States*, 2009 U.S. Dist. LEXIS 52162 at *7 (S.D.N.Y. June 19, 2009) (emphasis in original).

Because the above cases address mixtures in the contexts of other drugs, such as LSD or cocaine, it is important to understand the unique dilemma that PCP-ether mixtures present to this Court.  PCP is commonly used as the base and is dissolved in diethyl ether.  This ether solution is then sprayed on leaves such as parsley and then smoked.  However, before the solution can be smoked, the user must wait for the ether to evaporate, leaving only the PCP on the dried leaves. Although one could arguably classify this process as one where the "materials . . . must be separated from the controlled substance before the controlled substance can be used," U.S. Sentencing Guidelines Manual app. C, amend. 484, the amendment expressly provides examples of materials that do not constitute part of a "mixture."  The examples indicate that containers, or items used to hold or transport the substances, are among the items that should not be counted in the total weight of a mixture for sentencing purposes.  The examples do not include as excludable items those materials used to facilitate use or sale by mixing with the illicit substance, such as ether.

In addition to the express language and examples in Amendment 484, congressional intent indicates that ether is not the type of material intended to be addressed in the amendment. The Second Circuit has held that the relevant inquiry in such cases is whether the components of the "mixture or substance" are "part of a useable and saleable narcotic mixture." *United States v. Coleman*, 166 F.3d 428, 432 (2d Cir. 1999).[1]  In so determining, the court recognized that Congress's intent was to punish offenders based on "the weight of the drugs in whatever form they were found—cut or uncut, pure or impure, ready for wholesale or ready for distribution at the retail level." *Id.* (quoting *Chapman v. United States*, 500 U.S. 453, 461 (1991)). Here, the PCP-ether mixture is "part of a useable and saleable narcotic mixture."  There is no support for

---

[1] In *Coleman*, the Second Circuit concluded that "the residual water contained in [the defendant's] crack cocaine was part of a useable and saleable narcotic mixture," and was thus properly included in calculating the defendant's sentencing range. 166 F.3d at 432.

the assertion that the ether with which the PCP was mixed should be excluded from the meaning of "mixture" in this case. Therefore, Bridges was properly sentenced under 21 U.S.C § 841(b)(1)(A)(iv) and his term of imprisonment should not be reduced by this Court.

### Conclusion

Bridges's motion for resentencing is DENIED. The Clerk of the Court is instructed to close this motion.

SO ORDERED.

New York, New York
April **25** 2011

HAROLD BAER, JR.
United States District Judge

4